Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Daymarie Bonilla Cepeda<br><br>Recurrida<br><br>vs.<br><br>Auto Excelente, Inc.<br><br>Peticionario | KLCE202300299 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.:<br>F DP2017-0212<br><br>Sobre: Daños |

Panel integrado por su presidente, el Juez Rivera Colón, la Juez Lebrón Nieves y el Juez Rodríguez Flores

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de abril de 2023.

Comparece ante nos, Auto Excelente, Inc. (Auto Excelente o peticionario), quien presenta recurso de *Certiorari* en el que solicita la revocación de la "Resolución" emitida el 7 de febrero de 2023,[1] por el Tribunal de Primera Instancia, Sala Superior de Carolina. Mediante el referido dictamen, el foro primario denegó la solicitud de oferta de prueba presentada por el peticionario.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el recurso presentado mediante los fundamentos que expondremos a continuación.

**I.**

El caso de marras tiene su génesis en una "Demanda" de daños y perjuicios presentada por la señora Daymarie Bonilla Cepeda (Sra. Bonilla Cepeda o parte recurrida), contra Auto Excelente. En esencia, se alegó que el peticionario incurrió en negligencia al vender un vehículo de motor con desperfectos

---

[1] Notificada el 23 de febrero de 2023.

Número Identificador

SEN2023 _____

mecánicos, los cuales fueron la causa próxima de un accidente de tránsito. Durante el transcurso del pleito, la Sra. Bonilla Cepeda presentó una solicitud de sentencia sumaria,[2] y Auto Excelente se opuso a la misma.[3]

Evaluadas las mociones presentadas por ambas partes, el 24 de mayo de 2021,[4] el Tribunal de Primera Instancia emitió lo que tituló una "Sentencia Sumaria Parcial", y declaró Ha Lugar la solicitud de sentencia sumaria presentada por la parte recurrida. Razonó que Auto Excelente incurrió en negligencia, a pesar de que no celebró una vista a esos efectos. Así, le condenó a reparar los daños causados. No obstante lo anterior, no adjudicó los daños, sino que señaló vista respecto a la valoración de los mismos.

Inconforme con dicha determinación, el 20 de agosto de 2021, el peticionario recurrió ante el Tribunal de Apelaciones, y solicitó la revisión del dictamen emitido por el foro *a quo*. A esos efectos, el 5 de noviembre de 2021,[5] emitimos una "Sentencia" en la que resolvimos que, como el foro recurrido solo adjudicó el elemento de negligencia, y dejó pendiente la valoración de los daños, su dictamen constituía una resolución interlocutoria.[6] Por no cumplir con la Regla 52.1 de Procedimiento Civil, *infra*, desestimamos el caso.

Así las cosas, el 31 de enero de 2023, ambas partes sometieron un "Informe Preliminar entre Abogados y Abogadas" en el cual, entre otros asuntos, se incluyó la prueba documental a ser utilizada por las partes en la vista sobre valoración de daños. En específico, Auto Excelente anunció los siguientes documentos, a saber:

---

[2] Véase, "Moción para que se Dicte Sentencia Sumaria sobre Negligencia, Omisión, Dolo e Incumplimiento Contractual de la Co-Demandada Auto Excelente" del 23 de marzo de 2021.

[3] Véase, "Moción en apoyo a Oposición a Sentencia Sumaria" del 13 de abril de 2021.

[4] Notificada el 25 de mayo de 2021.

[5] Notificada el 8 de noviembre de 2021.

[6] Véase, KLAN202100741.

1. *Fotos daños al vehículo Nissan - Sentra, Tablilla IAU553, sobre accidente del 4 de junio de 2021.*

2. *Moción de Desestimación DACO - Querella SJ0013878*

3. *Contestación a Interrogatorio de la parte demandante por parte de Air Saint Just Auto Center Corp., Sr. Abner Rodríguez.*

4. *Querella Policía de PR #2015-8081-525 accidente de 4 de junio de 2021.*

5. *Informe Perito del DACO, José Torrón Martínez en la querella SJ0013878 fechado 19 de febrero de 2015.*

6. *Factura de compraventa de Enterprise Rent a Car a Air Saint Just Auto Center Corp., compra vehículo Nissan - Sentra. 2013, tablilla IAU-553.*

7. *Factura de venta Auto Excelente a Daymarie Bonilla Cepeda, Auto Nissan - Versa, tablilla IAU-553.*

8. *Documentos cumplimiento de Garantía del DACO de vehículos usados (3) firmados por Daymarie Bonilla Cepeda.*

9. *Cheque de Cooperativa de Seguros Múltiples por la suma de $1,171.00 pago de reclamación #969701596.*

10. *Registro de vehículo Nissan - Versa, 2013, tablilla IAU 553.*

11. *Job Order Agustín Lugo 209036 de 31 de octubre de 2012.*

12. *Factura Agustín Lugo 209036 página (2).*

13. *Recibo Dpto. de Hacienda 96713, 2 de junio de 2014 (traspaso).*

14. *Estimado de reparación fechado el 10 de febrero de 2015 de Auto Excelente.*

15. *Autorización de Cooperativa de Seguros Múltiples para inspeccionar vehículo fechado el 8 de enero de 2016.*

16. *Copia Querella DACO SJ0013878.*

17. *Moción fechada 3 de marzo de 2015 en la Querella SJ0013878 por Daymarie Bonilla Cepeda.*

18. *Copia permiso vehículo Nissan - Versa, 2013, tablilla IAU 553, a nombre de Air Saint Just Auto Center Corp.*

19. *Enmienda a Querella SJ 0013878, por parte de Daymarie Bonilla Cepeda, para incluir a Air Saint Just Auto Center Corp. como co-querellada.*

*20. Documento de Comprobación de Pérdida Automovilística, reclamación #969701596-001 póliza PAP2298517.*

*21. Contestación a Querella - SJ0013878 por Auto Excelente.*

*22. Acuse de Recibo de Coop. de Seguros Múltiples reclamación #039771975-001 fecha de pérdida 4 de junio de 2014.*

*23. Informe amistoso de accidente fechado el 17 de junio de 2014, Cooperativa de Seguros Múltiples firmado por Daymarie Bonilla Cepeda.*

*24. Cheque #1570057 de Cooperativa de Seguros Múltiples pagadero a Daymarie Bonilla Cepeda por $1,684.73 accidente ocurrió el 4 de junio de 2014.*

*25. Documento Comprobación de Pérdida, reclamación 039771975-001, póliza 2298517, fecha de accidente 4 de junio de 2014 firmada por Daymarie Bonilla Cepeda.*

*26. Desglose de pagos reclamación #039771975 firmado por Daymarie Bonilla Cepeda.*

*27. Estimado Garage JP Auto Collision por $2,306.42 vehículo Nissan - Versa, 2013, tablilla IAU 553.*

*28. Querella Policía 2014-199-3411.*

En desacuerdo con que se presentara dicha prueba en la vista, la Sra. Bonilla Cepeda efectuó la siguiente objeción:

*La parte demandante objeta todos y cada uno de los documentos anunciados por Auto Excelente por ser improcedentes e irrelevantes a la vista en sus méritos sobre valoración de daños y remedios que es lo único que resta en este pleito. Asimismo, se objetan porque son contrario a derecho y a la Regla 36 de las de Procedimiento Civil.*

*Como consta en autos hace más de un año este Honorable Tribunal el 24 de mayo de 2021 mediante Sentencia Sumaria Parcial hizo determinaciones de hechos incontrovertidos y adjudicó la controversia del caso de epígrafe. Adjudicado mediante sentencia final los hechos relevantes y la negligencia e incumplimiento contractual de Auto Excelente, la vista que queda pendiente según establecido por el Tribunal es solamente para valorar los daños y remedios que corresponden. Por tanto, cualquier intento de Auto Excelente de prueba o evidencia extrínseca y ajeno a dicha evaluación es inadmisible y contraria a derecho. La propia Regla 36.4 de las de Procedimiento Civil establece que "al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad". (Énfasis nuestro). Evidentemente Auto Excelente intenta relitigar una controversia dilucidada y adjudicada mediante Sentencia final y esto es*

*totalmente inaceptable en nuestro ordenamiento jurídico. Por tanto, todos y cada uno de los documentos anunciados por Auto Excelente son inadmisible; lo contrario sería dejar sin efecto una Sentencia final y derrotar el propio propósito de la Regla 36.*

Posteriormente, el 7 de febrero de 2023, se discutió el referido Informe en la Conferencia con Antelación al Juicio. Durante la vista, el peticionario indicó que, ante la objeción de la parte recurrida, se estaría sometiendo dicha prueba documental como Oferta de Prueba bajo la Regla 104 de Evidencia, *infra.* Luego de escuchar la posición de ambas partes, el Tribunal de Primera Instancia dispuso lo siguiente:

*El Tribunal determina que la parte demandada no ha fundamentado conforme las Reglas de Evidencia así lo exigen. No se puede marcar como oferta de prueba porque no hay un fundamento que no sea el que no se presentó para litigar un asunto que está resuelto mediante sentencia parcial y firme. No existe sentencia en cuanto a los daños, pero sí existe una sentencia en cuanto a negligencia.*

Sobre dicha determinación el peticionario solicitó reconsideración, la cual fue declarada No Ha Lugar en corte abierta.[7] Aún insatisfecha, Auto Excelente recurre ante este foro apelativo intermedio, y plantea la comisión del siguiente señalamiento de error:

*Erró y Abusó de su discreción el Tribunal de Primera Instancia al no aceptar el ofrecimiento de la prueba documental hecho por la parte demandada-peticionaria en virtud de la Regla 104 de Evidencia.*

**II.**

**-A-**

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 500 (2019). La jurisdicción se refiere al "poder o la autoridad de un tribunal para considerar y decidir casos o

---

[7] Véase, "Minuta" de la vista celebrada el 7 de febrero de 2023, y notificada el 13 de febrero de 2023.

controversias". *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Pueblo v. Ríos Nieves*, 2022 TSPR 49. Por consiguiente, los foros judiciales de Puerto Rico tienen autoridad para atender cualquier causa de acción, salvo que no tengan jurisdicción sobre la materia. *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". J.A. Echevarría Vargas, Procedimiento Civil Puertorriqueño, [s.l.], [ed. del autor], 2010, pág. 25. "[P]ara privar a un 'tribunal de jurisdicción general' de su actividad para entender en algún asunto en particular, es necesario que así se haya dispuesto expresamente en algún estatuto o que ello surja del mismo por implicación necesaria". D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme 582 (3ra ed. 2013). La ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

> *(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Beltrán Cintrón et al v. ELA et al, 204 DPR 89, 101-102 (2020).*

Si un tribunal carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom*, *supra*, a la pág. 660. La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, enumera los criterios que dicho foro deberá considerar para poder decidir si atiende o no las

controversias que le son planteadas. *Pueblo v. Ríos Nieves, supra.* La referida regla dispone que, al determinar si el recurso fue presentado en la etapa más oportuna para su consideración, el tribunal considerará los siguientes factores, a saber:

> *(1) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. (2) Si la situación de hechos planteada es la más indicada para el análisis del problema. (3) Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia. (4) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados. (5) **Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración**. (6) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio. (7) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.* Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

(Énfasis nuestro).

A tenor, le corresponde al foro apelativo intermedio evaluar la decisión recurrida, así como la etapa del procedimiento en que es presentada, con el propósito de determinar si es la más apropiada para intervenir. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Así, este foro apelativo está impedido de atender recursos prematuros o tardíos, pues ambos adolecen del mismo defecto insubsanable: privar de jurisdicción al tribunal al cual se recurre. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Un recurso es prematuro cuando se ha presentado con relación a una determinación que aún no ha sido finalmente resuelta. *Íd.* O sea, es aquel que se presenta en la secretaría de un tribunal apelativo antes de que este adquiera jurisdicción. *Pueblo v. Ríos Nieves, supra.* En cambio, un recurso tardío es el que se presenta luego de transcurrido el término dispuesto para recurrir. *Yumac Home v. Empresas Massó, supra*, a la pág. 107. Ahora bien, las consecuencias de uno y otro son distintas. Un recurso

desestimado por tardío priva fatalmente a la parte de presentarlo nuevamente. *Íd.* Sin embargo, un recurso desestimado por prematuro le permite a la parte volver a presentarlo cuando el foro apelado resuelva lo que tenía ante su consideración. *Íd.* En sintonía con lo anterior, el Tribunal de Apelaciones puede desestimar *motu proprio* un recurso por falta de jurisdicción.

**-B-**

La Regla 32(b) del Reglamento para la Administración del Tribunal de Primera Instancia, 4 LPRA Ap. II-B, R. 32(b), regula, entre otros asuntos, lo concerniente a las órdenes o resoluciones judiciales contenidas en minutas. En particular, dicha regla dispone que:

> *(1) La minuta será el registro oficial de las incidencias más importantes ocurridas durante la vista judicial en el salón de sesiones y en cámara.* [...]
>
> *La minuta original se unirá al expediente judicial.* [...]
>
> [...]
>
> *La minuta no será notificada a las partes o a sus abogados, salvo que incluya una Resolución u Orden emitida por el juez o la jueza en corte abierta, **en cuyo caso será firmada por el juez o la jueza** y notificada a las partes.*
>
> *La Secretaria, custodia del expediente podrá expedir copia de la minuta previo la cancelación de los derechos arancelarios, según corresponda.*
>
> [...] (Énfasis suplido).

Como puede apreciarse, esta regla exige que, cuando el magistrado emite una resolución u orden en corte abierta, la minuta sea notificada a las partes. A su vez, añade como requisito que, en estos casos, **el juez que emitió el dictamen deberá firmar dicha minuta**. **Es decir**, **para que la orden o resolución acogida en una minuta tenga legitimidad y eficacia**, **es indispensable que el juez que emitió el dictamen interlocutorio le imprima validez y certeza a su determinación con su firma**. *Pueblo v. Ríos Nieves, supra.* En consecuencia, **si se**

**incumple con este requisito de forma**, **entiéndase**, **si la minuta no está firmada**, **se priva de jurisdicción al foro revisor**. *Íd.* **Sin embargo**, **cuando el juez no firme la minuta que recoge la orden o resolución que se dictó en corte abierta**, **la fecha para recurrir en revisión de dicha determinación interlocutoria "comenzará a transcurrir a partir de la fecha de la notificación oficial de la minuta a las partes**, **aprobada con la firma del juez o jueza que emitió el dictamen**". *Íd.*

**III.**

Según se desprende de los hechos del caso de autos, el Tribunal de Primera Instancia, luego de escuchar la posición de ambas partes, emitió una resolución en corte abierta, mediante la cual denegó la Oferta de Prueba solicitada por el peticionario. Sobre dicha determinación el peticionario solicitó reconsideración, la cual también fue declarada No Ha Lugar en corte abierta. En desacuerdo, Auto Excelente recurre ante esta segunda instancia judicial, y solicita que revisemos el dictamen recurrido. Acompaña copia de la "Minuta" de la vista celebrada el 7 de febrero de 2023, **la cual no está firmada por la jueza que emitió la determinación interlocutoria**.

Cónsono con el marco legal antes expuesto, la Regla 32(b) del Reglamento para la Administración del Tribunal de Primera Instancia, *supra*, exige que, cuando el magistrado emite una resolución u orden en corte abierta, se cumplan dos cosas: (1) que la minuta sea notificada a las partes, y (2) **que el juez que emitió el dictamen firme dicha minuta**. Este último requisito es indispensable, y su incumplimiento priva, por el momento, de jurisdicción a este tribunal.

Nos encontramos ante un recurso **prematuro**, ya que la fecha para recurrir ante este foro apelativo no ha comenzado a transcurrir, sino hasta que la "Minuta" sea notificada a las partes,

y aprobada con la firma de la jueza que emitió el dictamen. Hasta tanto, estamos impedidos de entrar en los méritos de la presente controversia

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso de *Certiorari* solicitado por el peticionario.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones